**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP J. LYONS,

Plaintiff,

v.

JAMES G. COX et al.,

Defendants.

2:14-cv-46-RFB-NJK

**ORDER**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on November 14, 2014. (ECF No. 7). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were encouraged to engage in informal settlement discussions. (ECF No. 7, 20). Plaintiff's limited purpose counsel has filed a joint status report indicating that settlement has not been reached among Plaintiff and Defendant Hoye and the NDOC Defendants. (ECF No. 21).

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account **(Phillip J. Lyons, #33833)**, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED as to the NDOC Defendants:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

2. Subject to the findings of the screening order (ECF No. 7), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

3. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the

full name and address for the defendant(s).

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

5. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

IT IS FURTHER ORDERED as to Defendant Hoye:

1. The Clerk of Court **SHALL ISSUE** summons for Defendant Hoye, **AND DELIVER THE SAME**, along with the complaint (ECF No. 8), to the U.S. Marshal for service. The Clerk also **SHALL SEND** to Plaintiff **one (1)** USM-285 form, one copy of the complaint and a copy of this order. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form(s) with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

. . . .

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: This 6th day of April, 2015.

NANCY J. KOPPE
United States Magistrate Judge