DANIEL G. BOGDEN
United States Attorney
District of Nevada
TROY K. FLAKE
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*
Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP J. LYONS, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:14-cv-00046-RFB-NJK |
| v. | ) |
| JAMES G. COX, *et al.*, | ) |
| Defendants. | ) |

**<u>UNITED STATES' MOTION TO DISMISS</u>**

The United States of America and Defendant United States Marshal Christopher Hoye move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The United States has not waived sovereign immunity for Plaintiff's claims against Defendant Hoye in his official capacity. Additionally, Plaintiff fails to state a claim against Defendant Hoye in his individual capacity because the Complaint lacks specific facts showing that Defendant Hoye personally participated in the alleged deprivation of Plaintiff's rights.

This motion is supported by the accompanying memorandum of points and authorities.

Respectfully submitted this 15th day of June 2015.

                                                    DANIEL G. BOGDEN
                                                    United States Attorney

                                                     */s/ Troy K. Flake*
                                                    TROY K. FLAKE
                                                    Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Plaintiff Phillip J. Lyons is an inmate in the custody of the Nevada Department of Corrections ("NDOC") at the Southern Desert Correctional Center ("SDCC"), Indian Springs, Nevada. ECF #8 ¶ 1. Defendant Christopher Hoye ("Hoye") is the United States Marshal for the District of Nevada. *Id*. at ¶ 8. Plaintiff purports to sue Hoye in both his individual and official capacities. *Id*.

According to the Complaint, on July 22, 2013, NDOC officials transported Plaintiff to the Lloyd D. George United States Courthouse to attend a trial in an unrelated civil case before Judge James C. Mahan.[1] *Id*. at ¶¶ 13, 16. Plaintiff alleges that at the conclusion of the first day of trial, NDOC officials turned Plaintiff over to the "subordinate officials" of the United States Marshal's Service. *Id*. at ¶¶ 17, 18. Plaintiff alleges that the United States Marshall's Office then turned him over to Nevada Southern Detention Center ("NSDC"). *Id.* at ¶ 20.

The Complaint states that Plaintiff was housed at NDSC from July 22, 2013, to July 25, 2013, and was transported to the courthouse every day during the civil trial. *Id.* at ¶ 30. Plaintiff alleges that during his time at NSDC, he did not receive hot meals, did not receive food that complied with his low-sodium diet, did not have telephone access to his attorney, did not have access to funds and property, and did not have access to medical records. *Id*. at ¶¶ 31-34.

Plaintiff alleges that transferring him to NSDC was part of "carefully coordinated efforts" of several Defendants, including Hoye, "and their respective subordinate staffs in a conspiracy to heap undue and unnecessary hardship and frustration upon plaintiff in retaliation for exercising his First … Amendment rights…." *Id*. at ¶ 37. Plaintiff further alleges that the Defendants, including Hoye, "knew there was no legitimate penological need to cause or assist in transferring plaintiff from state custody…." *Id*. at ¶35.

On or about January 9, 2014, Plaintiff filed his Complaint alleging causes of action under 28 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.

---

[1] *Lyons v. Leonhardt*, No. 3:05-cv-00400-JCM-VPC.

2

388 (1971), against state and federal officials and the warden of NSDC.[2] On November 14, 2014, the Court entered a Screening Order, ECF #7, dismissing several defendants and interpreting Plaintiff's allegations against Hoye as *Bivens* claims for First Amendment retaliation and supervisory liability. ECF #7 at 5:8-11.

Plaintiff cannot sue Hoye in his official capacity because the Court lacks jurisdiction to hear such claims. Plaintiff's individual capacity claim against Hoye for First Amendment retaliation or supervisory liability also fails because Plaintiff does not allege facts showing personal participation by Hoye. Finally, the Complaint fails because the Supreme Court has declined to extend *Bivens* to First Amendment claims.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction until proven otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) Accordingly, "federal courts are under an independent obligation to examine their own jurisdiction ...." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

Under Fed. R. Civ. P. 12(b)(1), a defendant may challenge the complaint based on lack of subject matter jurisdiction. A defendant can make a "facial" attack that focuses on whether the allegations of the complaint sufficiently allege subject matter jurisdiction. *Whitehorn v. F.C.C.*, 235 F.Supp.2d 1092, 1095 (D.Nev. 2002). A defendant may also make a "factual" attack on the substance of the jurisdictional allegations. *Id.* at 1095. When a defendant challenges jurisdictional facts, the court may hear and weigh extrinsic evidence, resolve factual disputes, and decide if it has subject matter jurisdiction without assuming the allegations in the complaint are true. *Id.* at 1096.

Under Fed. R. Civ. P. 12(b)(6), a defendant may challenge the complaint for failure to state a claim upon which relief can be granted. Under such a challenge, a court accepts the factual allegations in the complaint as true, but the court does not accept as true legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

---

[2] NSDC is run by a contractor.

U.S. 544, 555 (2007)). While the federal rules do not require detailed factual allegations, they "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff may not simply use labels, conclusions, naked assertions, or a formulaic recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). Instead, "[a] plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief." *Hecht v. Summerlin Life and Health Ins. Co.,* 536 F.Supp.2d 1236, 1240 (D. Nev. 2008) (citing *Twombly*, 127 S. Ct. 1955, 1965). As the *Iqbal* Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)(internal quotations and citations omitted).

### III.   ARGUMENT

**A.   Plaintiff Cannot Recover for Claims Against Hoye in His Official Capacity**

A suit against a government official in his or her official capacity is a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Under the principle of sovereign immunity, the United States cannot be sued unless it has expressly consented to be sued. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990) ("Absent its consent to suit, an action against the United States must be dismissed."). The United States' sovereign immunity "is a question of the Court's subject matter jurisdiction." *McMillan v. Dep't of Interior*, 907 F.Supp. 322, 325 (D. Nev. 1995) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Ninth Circuit has unequivocally stated:

> We strictly construe in favor of the government the scope of any waiver of sovereign immunity. Any claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction.

*Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004) (citations omitted).

4

The United States has not waived sovereign immunity for *Bivens* suits against its officers in their official capacities. *See Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir.2000). As the Ninth Circuit explained:

> [A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity. This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. Therefore, the Supreme Court has refused to extend *Bivens* remedies from individuals to agencies.

*Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal citations and quotations omitted). Accordingly, "a Bivens action is, by definition, against defendants in their individual and not their official capacity." *Vaccaro v. Dobre*, 81 F.3d 854, 856 (9th Cir. 1996).

Plaintiff's Complaint, as screened by this Court, asserts *Bivens* claims against Hoye in both his official and individual capacity. ECF #8 at ¶ 8. Plaintiff does not and cannot identify any waiver of sovereign immunity for such a claim against a federal official in his official capacity. Accordingly, the Court lacks jurisdiction to hear a claim against Hoye in his official capacity, and this claim should be dismissed. Further, permitting Plaintiff to amend his claim against Hoye in his official capacity would be futile because the United States has not waived sovereign immunity for *Bivens* claims.

### B.   Plaintiff Fails to State a Claim for First Amendment Retaliation Because He Does Not Allege Facts Showing Personal Involvement by Defendant Hoye

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) A state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). To prevail on a retaliation claim, a plaintiff must show that his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

"*Bivens* liability is premised on proof of direct personal responsibility." *Pellegrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996). To survive a motion to dismiss, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Properly pleading requires a plaintiff to "allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quotation omitted).

For example, in *Iqbal* the Supreme Court determined a *Bivens* plaintiff failed to state a claim by alleging that officials "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" According to the Court, such allegations, were "[b]are assertions ... amount[ing] to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim" and not entitled to be assumed true. *Id.* (quotations omitted). *See also Frazier v. Dubois*, 922 F.2d 560, 562, n. 1 (10th Cir. 1990) (prisoner alleging transfer between institutions violated first amendment rights is required to "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights").

The conduct underlying Plaintiff's First Amendment retaliation claim is Plaintiff's transfer to NSDC during his civil trial. ECF #7 at 5:28. Plaintiff states that Hoye and the other defendants acted in "a conspiracy to heap undue and unnecessary hardship and frustration upon plaintiff in retaliation for exercising his First and Seventh Amendment rights," *id.* at ¶ 37, that Hoye and the other defendants "knew there was no legitimate penological need to cause or assist in transferring plaintiff from state custody over to federal custody," *id.* at ¶ 35, but fails to support these allegations with any facts showing (a) that Hoye participated in this alleged conduct or (b) that any such action on Hoye's part were motivated by a desire to retaliate against Plaintiff for exercising his First Amendment rights. The only allegations against Hoye are vague, conclusory, and formulaic assertions that Hoye, grouped in with

6

various other defendants, was somehow involved in Plaintiff's transfer to NSDC. This is precisely the type of vague, conclusory allegation the Supreme Court rejected in *Iqbal*. Accordingly, the Court should dismiss Plaintiff's Complaint against Hoye.

### C. Plaintiff Fails to State a Claim for Supervisory Liability Because He Does Not Allege Facts Showing Personal Involvement by Defendant Hoye

There is no *respondeat superior* liability under *Bivens. See Iqbal*, 550 U.S. at 676-77 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (citations omitted). Where alleged "constitutional violations were largely committed by subordinates, the supervisor is liable only if he participated in or directed the violations." *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1202 (9th Cir. 2009), *overruled on other grounds* by *Los Angeles Cnty. v. Humphries*, 562 U.S. 29 (2010). Accordingly, to be liable, a supervisor must have personally "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As explained above, Plaintiff's claim that Hoye is liable as supervisor fails because there are no facts alleging Hoye personally participated or directed Plaintiff's transfer to NSDC. Plaintiff attempts to impute the transfer to Hoye and other defendants by alleging that they acted "through the use of their respective offices and subordinate staff," ECF #8 at ¶ 29 (emphasis added), and that he advised "Defendant Hoye's U.S. Marshal Officials" that he had no federal charges, *id.* at ¶ 18, that "Hoye's subordinate officials" ignored him, *id.* at ¶19, and that "Defendant Hoye's U.S. Marshal's Office" turned him over to NSDC officials, *id.* at ¶ 20, do not show that Hoye personally participated, directed, or even knew about Plaintiff's transfer. The other allegations against Hoye are utterly conclusory. Accordingly, the supervisory liability claim should be dismissed.

### D. There Is No *Bivens* Cause of Action for Plaintiff's First Amendment Retaliation Claim

In *Bivens*, the Supreme Court found an implied private right of action for violations of Fourth Amendment rights against unreasonable searches and seizures. *Bivens*, 403 U.S. at 388. The Supreme

7

Court has extended *Bivens* claims to just two other contexts: equal protection under the due process clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 234 (1979); and the Eighth Amendment right against cruel and unusual punishment, *Carlson v. Green*, 446 U.S. 14 (1980).

For over thirty years, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). *Iqbal*, 556 U.S. at 675 ("Because implied causes of action are disfavored, the Court has been reluctant to extend *Bivens* liability to any new context or new category of defendants.") (quotation omitted). Instead, since 1980, the Court has generally deferred to "mechanisms crafted by Congress" such as administrative claims or the Administrative Procedures Act. *Malesko*, 534 U.S. at 68; *Wilkie v. Robbins,* 551 U.S. 537, 562 (2007); *W. Radio Serv. Co. v. U.S. Forest Service*, 578 F.3d 1116, 1119 (9th Cir. 2009).

Specifically, the Supreme Court has not recognized a *Bivens* claim based on violations of the First Amendment. *See, e.g., Iqbal,* 556 U.S. at 675, (noting that the Court has "declined to extend *Bivens* to a claim sounding in the First Amendment");[3] *Bush v. Lucas,* 462 U.S. 367, 390 (1983) (no *Bivens* claim for alleged First Amendment violation). *Wilkie*, 551 U.S. at 550 (existence of adequate, alternative bases for pursuing a particular claim amount "to convincing reason for the Judicial Branch to refrain from providing new and freestanding remedy in damages"). The Ninth Circuit has likewise declined to extend *Bivens* to a First Amendment claims.[4] *W. Radio Servs. Co.*, 578 F.3d at 1125.

Plaintiff fails to state a *Bivens* First Amendment retaliation claim because courts do not recognize such a claim. Plaintiff's sparse and conclusory allegations against Hoye do not suggest any

---

[3] In *Iqbal,* the Court assumed, without deciding, the availability of a *Bivens* remedy for the plaintiff's First Amendment discrimination claim, 550 U.S. at 675, but then held that plaintiff's "complaint failed to plead sufficient facts to state a claim for purposeful and unlawful discrimination against the [federal] petitioners." *Id.* at 687.

[4] Alternative remedies are available in this case. For example, Plaintiff may be able to challenge the Marshal's Service decision to transfer him to NSDC and give him a federal booking number by filing a suit under the Administrative Procedures Act. 5 U.S.C. § 706 *et seq.*

reason this Court should find an implied cause of action where the Supreme Court and Ninth Circuit have not. Accordingly, Plaintiff's claims against Hoye should be dismissed.

## IV. CONCLUSION

Plaintiff's claims against Defendant United States Marshal Christopher Hoye in his official capacity fail because the United States has not waived its sovereign immunity. The official capacity claims should be dismissed with prejudice. Plaintiff also fails to state a claim against Hoye in his individual capacity because he has not plead specific facts showing how Hoye personally participated in, or is responsible as a supervisor for, his transfer to NSDC. Accordingly, the Complaint should be dismissed.

Respectfully submitted this 15th day of June 2015.

DANIEL G. BOGDEN
United States Attorney

 */s/ Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney

ORDER

IT IS ORDERED that [41] Motion to Dismiss is DENIED WITHOUT PREJUDICE pursuant to the stay jointly requested by the parties. If the parties intend to proceed with this case after the 45-day stay, Defendant Hoye may move to renew the motion to dismiss in the April 7 joint status report.

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 26th day of February, 2016.

# PROOF OF SERVICE

I, Troy K. Flake, certify that the following individuals were served with the **UNITED STATES' MOTION TO DISMISS** on the date and by the below identified method of service:

**U.S. Mail:**

Phillip J. Lyons
PRO SE 33833
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, Nevada 89070
*Pro Se Plaintiff*

**Electronic Case Filing:**

Frederick J Perdomo
Nevada Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714
*Attorney for Defendants James G. Cox, Brian Williams, Sr., and Catherine Cortez Masto*

Ashlee Fletcher
Struck Wieneke & Love, P.L.C.
3100 West Ray Road Suite 300
Chandler, Arizona 85226
*Attorney for Defendant Charlotte Collins*

Dated this 15th day of June 2015.

                                                */s/ Troy K. Flake*
                                              TROY K. FLAKE
                                              Assistant United States Attorney